**STATE, Plaintiff-Appellee, v. DAVIDSON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2100.   Decided May 4, 1950.

Mathias H. Heck, Pros. Atty., William H. Wolff, First Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Gus W. Byttner, John Shanks, Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ:

The defendant-appellant was indicted and charged with falsely making, uttering and publishing as true and genuine a certain receipt for goods and merchandise, with intent to defraud, in violation of §13083 GC. A plea of not guilty was entered and upon trial being had a verdict of guilty was returned and judgment entered.

The record discloses that on the 18th day of August, 1949, the defendant, Alberta Davidson, went to the store of Lane Jewelers, Inc., and ordered a diamond wedding set, consisting of two rings; that upon being taken to the credit manager she gave her name as Lucille Wilson, 119 South

Williams Street, Dayton, Ohio, and signed State's Exhibit No. 1, which is as follows:

LANE
JEWELERS, INC.
Dayton, Ohio

Dayton 2, Ohio. 8/18/1949

Sold to Mrs. Lucille Wilson,
Address 119 S. Williams.

| ARTICLE | | PRICE |
|---|---|---|
| L 466 Dia Wed Set | | |
| DP-256 | | 67.50 |
| | 3% | 2.03 |
| | 20% | 13.50 |
| | | ———— |
| Dep 1.00 | | 83.03 |

Mdse. for (signed) Lucile Wilson

She paid $1.00 deposit on the rings at the time and ordered them to be enlarged. Several days later she returned and was given the rings on the payment of an additional $17.03.

The record discloses that upon payment not being made in accordance with the contract an investigation was made and it was found that Lucille Wilson was not residing at the address given and had not been at the time of the purchase; that a representative of the company called upon Alberta Davidson, who identified her as being the one who purchased the rings and identified the rings on her hand at the time.

The record discloses further that the defendant purchased merchandise from the Booth Furniture Company under similar conditions and gave the name of Lucille Wilson. The State offered evidence to show further that the handwriting on the receipts for merchandise from the Lane Jewelers, Inc., and Booth Furniture Company showing the name Lucille Wilson was that of Alberta Davidson.

The defendant did not take the stand in her own behalf and neither did she offer any defense, but rested her case as soon as the State rested its case in chief.

The first error assigned has reference to State's Exhibit 1, which the defense contends is not a receipt in the meaning of §13083 GC. On this question the defendant requested the following instruction be given to the jury, which was refused, the same being made at the close of the case and before argument:

"The Court instructs you as a matter of law that if you

find that State's Exhibit 1 is not a receipt, you must find the defendant 'not guilty.' "

We are of the opinion that no prejudicial error intervened by reason of this refusal, as the Court charged in substance what was requested when it charged:

"The first element of proof is satisfied if you find beyond a reasonable doubt that State's Exhibit 1 is a receipt for goods, and you further find that the defendant, Alberta Davidson, forged the signature or name of Lucille Wilson at the bottom of State's Exhibit 1, and you also find that defendant passed or delivered State's Exhibit 1 to Lane Jewelers, Inc., or knowingly permitted it to come into the possession of Lane Jewelers, Inc., with such signature thereon, and you, in addition, find that the said Alberta Davidson knew such signature to be false and fraudulent."

In criminal cases the Court is not required to give special charges verbatim, even though they are legally sound, if the general proposition of law on the point requested is contained in the general charge. **State of Ohio v. Cheatwood, 84 Oh Ap 125, 82 N. E. (2d) 770, 39 O. O. 152; State of Ohio v. Petro, 148 Oh St 473.** It was in the province of the jury to determine from State's Exhibit 1 and all the surrounding facts and circumstances whether or not it was a receipt.

The next error assigned is that the court should have given the following special instructions to the jury before argument, which is known as Defendant's Request No. 1:

"The Court instructs you as a matter of law that before you can find the defendant guilty, the State of Ohio must prove beyond a reasonable doubt, that the defendant not only signed the name of Lucile Wilson to the paper which is known as State's Exhibit 1, herein, but the State must also prove beyond a reasonable doubt that the defendant did not have authority to sign the name of Lucile Wilson to that paper. The defendant need not prove that she did have authority to sign the name of Lucile Wilson to that paper."

We find that the Court covered this request to charge in substance in the general charge when the Court defined all of the elements of the offense charged. The Court stated:

"Under this statute the State, to make out a case against defendant warranting a verdict of guilty, must prove by

evidence beyond a reasonable doubt the following elements:

1. That defendant falsely made or forged and uttered and published an instrument constituting a receipt for goods and merchandise, knowing it to be false and fraudulent.

2. That defendant, in making or forging said receipt, intended to unlawfully defraud Lane Jewelers, Inc., the complaining witness in this case.

3. That such false and fraudulent acts of defendant, if any, resulted in a prejudice or loss, or the possibility of a prejudice or loss to Lane Jewelers, Inc.

4. That the offense of forgery charged in the indictment was committed in Montgomery County, Ohio, on or about August 18, 1949.

\* \* \* \*

"In determining this issue, you should take into consideration all the surrounding circumstances disclosed by the evidence in this case. Before you can find the defendant, Alberta Davidson, guilty of forgery as charged in the indictment in this case, it will be necessary for you to find that she placed the name, Lucile Wilson, on State's Exhibit 1, in her own handwriting, under such circumstances as to make the attaching of such handwritten name unlawful, that is, contrary to law. In determining whether or not the defendant's attaching the name 'Lucile Wilson,' if such she did, to State's Exhibit 1 was unlawful, you should determine among other things, from all the evidence in this case, whether or not the defendant, Alberta Davidson, wrote the name 'Lucile Wilson' on State's Exhibit 1, without any authority from Lucile Wilson so to do. In the event you find defendant wrote the name, 'Lucile Wilson,' on State's Exhibit 1, before you can find that such signature was false, fraudulent and unlawful, the evidence must show beyond a reasonable doubt that there was a want or lack of authority on defendant's part to attach the name or signature, 'Lucile Wilson.' "

The defendant cites the case of **Romans v. State, 51 Oh St 528**, which holds that in a prosecution for forgery, when the defendant admits the making of the signature, the burden is not on him to prove that he had authority; that in such a case the burden remains on the State to prove that it was without authority, before a conviction can be had. We think the Court in its general charge met the requirements laid down in the case of Romans v. State, supra. We are of the opinion that the trial court properly charged upon all of the essential elements necessary to constitute the crime

of forgery, but that proof of one of the essential elements of the offense was completely lacking. The State offered no evidence to establish the fact that the defendant was not authorized to sign the name of "Lucile Wilson." Likewise, there was no evidence presented from which such an inference could reasonably have been drawn. It is true that the defendant falsely represented herself to be "Lucile Wilson," but this fact throws no light upon her authority to sign the name. As stated in the Romans case, supra, this was a burden resting upon the State and failing to meet it, the State fails to make a prima facie case. The defendant's motion for a directed verdict at the close of all of the evidence should have been sustained. The judgment is reversed and case is ordered remanded with instructions that the defendant's motion to dismiss be sustained.

HORNBECK and WISEMAN, JJ, concur.